IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EDWARD SARTORIS ) CIVIL NO. 3:23-CV640-RDM-CA
PLAINTIFF )
 )
   v ) JUDGE ROBERT D. MARIANI
PRIMECARE MEDICAL, WARDEN )
HAIDLE, DEPUTY WARDEN McCOY,
SGT. ARNOND, SAFETY OFFICER,
MONROE COUNTY MUNICIPALITY
ALL IN INDIVIDUAL AND OFFICIAL
CAPACITIES

FILED
SCRANTON

AUG - 1 2023

PER _____
DEPUTY

## AMENDED COMPLAINT

I. JURISDICTION & VENUE

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (a)(3). PLAINTIFF SARTORIS SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202. PLAINTIFF SARTORIS' CLAIMS FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. 2283 & 2284 AND RULE 65 OF THE FEDERAL RULES

OF CIVIL PROCEDURE.

2. THE MIDDLE DISTRICT OF PENNSYLVANIA IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391(b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIM CLAIM OCCURRED

## II. PLAINTIFF

3. PLAINTIFF EDWARD SARTORIS IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE COMMONWEALTH OF PENNSYLVANIA IN THE CUSTODY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS. EVENTS OCCURRED IN THE MONROE COUNTY CORRECTIONAL FACILITY. HE IS CURRENTLY CONFINED IN STATE CORRECTION INSTITUTE DALLAS, IN DALLAS PENNSYLVANIA

## III. DEFENDANTS

4. DEFENDANT THOMAS J. WEBER, ESQUIRE, CEO OF PRIMECARE MEDICAL, IS IN EFFECT CHIEF OPERATING OFFICER OF PRIMECARE MEDICAL. PRIMECARE MEDICAL IS THE LOW BID CONTRACT HOLDER TO PROVIDE MEDICAL SERVICES THROUGHOUT PENNSYLVANIA. HE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF PRIMECARE AND FOR THE HEALTH SERVICES PROVIDED TO INMATES ACROSS THE COMMONWEALTH

5. WARDEN HAIDLE (DEFENDANT) IS THE WARDEN AT MONROE COUNTY CORRECTIONAL FACILITY. HE IS LEGALLY RESPONSIBLE FOR THE OPERATION OF THE FACILITY AND FOR THE WELFARE OF ALL THE INMATES IN THE FACILITY.

6. DEPUTY WARDEN MCCOY (DEFENDANT) IS THE EXECUTIVE OF OPERATIONS WHICH OCCUR ON A DAILY BASIS. HE HAS OVERSIGHT OF ALL DEPARTMENTS IN THE JAIL.

7. SGT. ARMOND (DEFENDANT) IS RESPONSIBLE FOR CORRECTION OFFICERS UNDER HIS SHIFT AND IS RESPONSIBLE FOR INMATE GRIEVANCES, THEIR INVESTIGATION AND THE ANSWERING OF.

8. THE SAFETY OFFICER OR MAINTENANCE SUPERVISOR (DEFENDANT) RESPONSIBLE FOR SAFETY CONDITIONS IN AND ASSOCIATED WITH ALL REPORTS CONCERNED WITH DEP, EPA, OSHA, ETCETERA JUST TO NAME A FEW.

9. MONROE COUNTY MUNICIPALITY, (DEFENDANT) RESPONSIBLE FOR HIRING PRACTICES, ENFORCEMENT OF REQUIREMENTS FOR SAFE WATER DELIVERY, HUMANE LIVING CONDITIONS AS WELL

3

MAINTENANCE AND ENFORCEMENT OF SAME.

10. EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER COLOR OF STATE LAW.

IV. FACTS

11. AT ALL TIMES RELEVANT TO THIS CASE, PLAINTIFF EDWARD SARTORIS WAS IN A CELL ON A BLOCK.

12. ON NUMEROUS OCCASIONS THE PLAINTIFF COMPLAINED OF AND REPORTED THERE WAS MOLD THROUGHOUT HIS CELL AS DID OTHER INMATES.

13. ON OCCASION THE MAINTENANCE WORKER WOULD COME WITH A RAG AND AN UNMARKED SPRAY BOTTLE AND TELL US TO CLEAN IT. THERE WAS NO PERSONAL PROTECTIVE EQUIPMENT PROVIDED. PPE SHOULD HAVE CONSISTED OF A RESPIRATOR, GOGGLES, GLOVES AND WHATEVER ELSE WAS DICTATED BY OSHA AND THE MSDS (MATERIAL SAFETY DATA SHEET) FOR THE CHEMICAL IN THE SPRAY BOTTLE.

14. THESE CONDITIONS WERE REPORTED NUMEROUS TIMES THROUGH COMPLAINTS AND GRIEVANCES. ANSWERS TO GRIEVANCES WERE DISINGENUOUS AS WELL AS ILLEGIBLE; SEE EXHIBITS. THE MAINTENANCE WORKERS REFUSED TO ABATE THE MOLD AND MILDEW; REFUSED STATING "... I'M NOT TRAINED TO DO MOLD." HOWEVER, AN INMATE WAS TRAINED, NOT, NOR WERE THEY, INMATES, GIVEN PPE.

15. IN A GRIEVANCE ASKING FOR "PPE" - PERSONAL PROTECTIVE EQUIPMENT, SGT ARMOND WROTE BACK "... EMPLOYEES ARE PROVIDED WITH PPE". GIBBS v. CROSS 160 F. 3d 962, 965-66 (3d Cir. 1998) BY FAILING TO ABATE ALL CELLS OF MOLD & MILDEW AND BY CLEANING IT INCORRECTLY, MOLD PERMEATED NOSTRILS, MOUTHS AND CLOTHING WHICH IS AN EIGHT' AMENDMENT CLAIM AS ALL INMATES COMPLAINED OF AND SUFFERED MIGRAINES, SORE THROATS, EMPHYSEMA, HEADACHES, URI'S AND BREATHING DISORDERS TO INCLUDE LUNG CANCER.

16. NUMEROUS TIMES THE PLAINTIFF REPORTED THE CONDITION AS WELL AS THE SOURCE, WHICH WAS WHERE THE ASBESTOS (PCB'S)

CAULKING FAILED CAUSING WATER TO INFILTRATE CELLS AND CAUSE THE BUILD UP OF MOLD. EVERY CORRECTION OFFICER, SGT, LT. KNEW OF THIS CONDITION. IN THE SUBSEQUENT GRIEVANCES A REMEDY WAS PROVIDED. GREGOIRE V. CLASS, 236 F.3d 413, 418 (2ND CIR. 2000) NOTHING WAS DONE. HAMILTON V. LEAVY, 117 F.3d 742, 747-48 (3D CIR. 1997)

17. PLAINTIFF AND NUMEROUS OTHER INMATES COMPLAINED ON SICK CALL THAT MOLD, PROLONGED EXPOSURE TO MOLD, DISTURBING IT INTO THE AIR, WAS CAUSING NUMEROUS DIFFERENT HEALTH RISKS TO INMATES AND WAS EVIDENCED BY ALL THE COMPLAINTS AND SICK CALLS FOR MIGRAINES AND BREATHING DISORDERS.

18. AT THE SAME TIME (THROUGHOUT THE PLAINTIFFS INCARCERATION AT MCCF 2020 THRU 1/2023) THE WATER ON "A" BLOCK WAS NOT POTABLE WATER, PERHAPS THROUGHOUT THE JAIL. COUNTLESS INMATES WENT ON SICK CALL FOR SKIN DISORDERS CAUSED BY CONTAMINATED WATER. ALTHOUGH UPPER ECHELON PRISON OFFICIALS KNEW OF THIS, IT WAS NOT MADE KNOWN. MEDICAL PERSONNEL PROVIDED

SOAP (DOVE BRAND), LOTIONS OF DIFFERENT TYPES AND IN THE CASE OF 1 PARTICULAR INMATE, THEY PROVIDED A ANTIBIOTIC, AND VISITS TO A DERMATOLOGIST (COREY SULLIVAN). NUMEROUS CASES OF MRSA WERE SPREADING LIKE WILDFIRE. MEDICAL PERSONNEL SAID IT WAS "AN INGROWN HAIR" - EVERYTHING BUT MRSA. I LEFT MCCF WITH SUCH A BAD INSTANCE OF MRSA, I SPENT A WEEK IN THE INFIRMARY AT SCI-SMITHFIELD AND REQUIRED INTRAVENOUS ANTIBIOTICS WHICH HAVE NOW CAUSED KIDNEY DISORDERS.

V. LEGAL CLAIMS

19. DEFENDANTS MADE FUN OF MY GRIEVANCES. I WAS WARNED IF I KEPT WRITING ANY MORE GRIEVANCES THEY'D PUT ME ON SUICIDE WATCH "... TO SEE IF I COULD HAVE ANOTHER HEART ATTACK".

20. DEFENDANT ARMOND WHO KNEW THE MOLD WAS PRESENT SAID "... I DON'T CARE, I DON'T SLEEP THERE, YOU DO". HE ALSO FAILED TO RESPOND TO GRIEVANCES AND WHEN HE FINALLY DID IT WAS MONTHS

LATER, ILLEGIBLE AND THE ANSWER ADDRESSED NOTHING.

21. WARDENS McCOY AND HAIDLE REFUSED TO ACKNOWLEDGE THESE CONDITIONS EXISTED AND YET THEY KNEW WHEN A WINDOW WAS CHANGED AND THE REASON WHY. FARMER v BRENNAN 511 U.S 825, 114 S.Ct. 1970 (1994), PIERSON v HARTLEY, 391 F.3d 898, 902 (7TH CIR 2004) SEE TAFOYA v SALAZAR, 516 F.3d 912, 916-17 (10TH CIR 2008)

22. ALL DEFENDANTS WERE AWARE SUBSTANTIAL MOLD PERMEATED THE MASONRY AND STEEL STRUCTURES, SURFACES IN THE JAIL. THESE CONDITIONS COUPLED WITH THE CONTAMINATED WATER WERE COVERED UP, EVEN WHEN THE FACILITY STATED THE WATER WAS CONTAMINATED AND PERFORMED A SHUT DOWN TO RECTIFY WATER SOURCES.

23. BY EMPLOYEES OF MONROE COUNTY AND PRIMECARE DISREGARDING INMATES COMPLAINTS AND SIGNS AND SYMPTOMS OF CONTINUED LONG TERM EXPOSURE TO MOLD AND USE OF CONTAMINATED WATER, OF WHICH ONE REPORT

FROM 2021 DESCRIBES THE WATER AS "TOXIC".

24. BY CONTINUALLY DISREGARDING ALL THE WARNING SIGNS, REPORTS AND ACTUAL CASES OF PROSTATE CANCER, LUNG CANCER, LEISIONS, MRSA, COPD, ASTHMA, ETC, ETC. WHERE DO WE DRAW THE LINE IN WILLFUL DISREGARD.

25. PLAINTIFF SARTORIS HAS NO PLAIN, ADEQUATE, OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS WHICH VIOLATED HIS EIGHTH AMENDMENT RIGHTS CAUSING PLAINTIFF SARTORIS PAIN, SUFFERING, PHYSICAL INJURY, EMOTIONAL DISTRESS AND A LIFE ENDING CONDITION BROUGHT ON BY COMPLETE DIS-REGARD FOR HUMAN RIGHTS.

26. BY THREATENING PLAINTIFF SARTORIS WITH PHYSICAL VIOLENCE FOR EXERCISE OF HIS RIGHT TO SEEK REDRESS FROM THE PRISON AND MEDICAL OUTFIT THROUGH USE OF THE PRISON GRIEVANCE SYSTEM, THE DEFENDANTS RETALIATED AGAINST SARTORIS UNLAWFULLY IN VIOLATION OF PLAINTIFF SARTORIS'S RIGHTS UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION. THESE ILLEGAL ACTIONS CAUSED PLAINTIFF SARTORIS

INJURY TO HIS FIRST AMENDMENT RIGHTS.
ESTELLE v GAMBLE, 429 U.S. AT 104-05 (EMPHASIS ADDED)
LANCASTER v MONROE COUNTY, 116 F.3d AT 1425
SEE KIMBLE v TENNIS, 2006 WL 154950 (MD. Pa 2006)
FARMER, 511 U.S. AT 835, 836, 847

## VI. PRAYER FOR RELIEF

WHEREFORE PLAINTIFFS RESPECTFULLY PRAY THAT THIS COURT ENTER JUDGEMENT:

27. GRANTING PLAINTIFF SARTORIS A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATE HIS RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES AND

28. A PRELIMINARY AND PERMANENT INJUNCTION ORDERING MCCF TO REMOVE MOLD AND CAULKING CONTAINING PCB'S AND

29. GRANTING PLAINTIFF SARTORIS COMPENSATORY DAMAGES

30. PLAINTIFF SEEKS NOMINAL DAMAGES AND PUNITIVE DAMAGES. PLAINTIFF SEEKS THESE DAMAGES AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY.

31. PLAINTIFF ALSO SEEKS A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

32. PLAINTIFF ALSO SEEKS RECOVERY OF COSTS IN THIS SUIT AND ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

DATED JULY 21st, 2023

RESPECTFULLY SUBMITTED,
*Edward Sartoris* PRO-SE
EDWARD SARTORIS  QP 3887
SCI-DALLAS
1000 FOLLIES ROAD
DALLAS, PA 18612

VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.    EXECUTED AT SCI-DALLAS
*Edward Sartoris*                           JULY 21st, 2023
EDWARD SARTORIS

-11-

## VERIFICATION

I, the undersigned, hereby verify that the statements made in the foregoing are true and correct to the best of my knowledge, information, and belief. I understand that any false statements made herein are subject to the penalties of perjury pursuant to 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

Date: JULY 26th, 2023

_____
Signature of the Petitioner

## PROOF OF SERVICE

I, the undersigned, hereby certify that I am this 26th day of JULY, 2023 serving the foregoing documents upon the persons in the manner indicated below, which service satisfies the requirements of Pennsylvania Rules of Appellate Procedure, Rule 122:

Type of Service: (✓) First Class    ( ) Certified Mail

**Clerk of Courts**                              **The Honorable Judge:**

U.S. DISTRICT COURT MIDDLE DIST PENNSYLVANIA
235 NORTH WASHINGTON AVE
SCRANTON, PA 18501-1148

**District Attorney**                            **Court Reporter**


_____ PRO-SE
Signature of the Petitioner

Inst# QP3887

Address: SCI-DALLAS
1000 FOLLIES ROAD
DALLAS, PA 18612

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: EDWARD SARTORIS QP3887
Signature: *Edward Sartoris* PLD-SE
Name: _____
Attorney No. (if applicable): _____

EDWARD SARTORIS QP3887
SCI-DALLAS
1000 FOLLIES ROAD
DALLAS, PA 18612

JULY 26TH, 2023
OFFICE OF THE CLERK OF COURTS
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL BLDG & U.S. COURT HOUSE
235 NORTH WASHINGTON AVENUE
P.O. BOX 1148
SCRANTON, PA 18360-2115

RE: 3:23-CV640-RDM-CA

CLERK OF COURT,

ENCLOSED PLEASE FIND AN AMENDED COMPLAINT FOR FILING AND DISTRIBUTION. NOTICE OF VERIFICATION AND CERTIFICATION IS LIMITED TO YOUR OFFICE AS PRO-SE INMATE IS INDIGENT.

RESPECTFULLY,
Edward Sartoris PRO-SE
EDWARD SARTORIS QP3887
SCI-DALLAS
1000 FOLLIES RD. DALLAS, PA 18612

INMATE MAIL

US POSTAGE — PITNEY BOWES
ZIP 18612 $ 001.83⁰
02 4W
0000385735 JUL 31 2023

EDWARD SARTORI
QP 5087
SCI-DALLAS
1000 FOLLIES RD
DALLAS, PA

OFFICE OF THE CLERK OF COURTS
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAM J. NEALON FEDERAL BLDG & U.S. COURT
235 NORTH WASHINGTON AVENUE
P.O. BOX 1148
SCRANTON, PA 18501-2115

RECEIVED
SCRANTON
AUG 01 2023
PER _____ DEPUTY CLERK

LEGAL MAIL !