IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD SARTORIS, | Civil No. 3:23-cv-640 |
| Plaintiff | (Judge Mariani) |
| v. | |
| PRIMECARE MEDICAL CEO THOMAS J. WEBER, *et al.*, | |
| Defendants | |

**MEMORANDUM**

Plaintiff Edward Sartoris ("Sartoris"), an inmate who was housed, at all relevant times, at the Monroe County Correctional Facility ("MCCF"), in Stroudsburg, Pennsylvania, initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via an amended complaint. (Doc. 24). Presently before the Court are three motions (Docs. 70, 75, 83) to compel discovery filed by Sartoris. For the reasons set forth below, the first and second motions (Docs. 70, 75) will be denied, and the third motion (Doc. 83) will be granted in part and denied in part.

**I.   Factual Background & Procedural History**

Sartoris alleges that he was housed in a cell on A-Block at the MCCF and that there was mold in his cell. (Doc. 24 ¶¶ 11-12). He claims that he complained about the mold on several occasions and filed grievances regarding the mold. (*Id.* ¶ 12, 14-16). Occasionally, a maintenance worker would come to his cell with a rag and spray bottle and instruct

Sartoris to clean the mold. (*Id.* ¶ 13). Sartoris asserts that no personal protective equipment was provided to clean his cell. (*Id.*). He further asserts that maintenance workers refused to clean the mold. (*Id.* ¶ 14). Sartoris alleges that the exposure to mold caused numerous health risks, such as migraines and breathing disorders. (*Id.* ¶ 17). He reported these ailments on sick call. (*Id.*).

Sartoris also alleges that the water on A-Block was not potable, which caused inmates to suffer skin disorders. (*Id.* ¶ 18). He claims that medical personnel provided other inmates with soap, lotions, antibiotics, and a visit to a dermatologist to address the alleged skin disorders. (*Id.*). Sartoris alleges that there were several cases of Methicillin-resistant Staphylococcus aureus ("MRSA") at the prison and, when he left MCCF, he had a severe MRSA infection. (*Id.*).

Sartoris filed the instant motions (Docs. 70, 75, 83) to compel discovery wherein he seeks an on-site inspection of the MCCF, records of incidents in other inmates' files, and various tests and procedures related to water testing, window treatment, and mold remediation at the MCCF. The motions are ripe for resolution.

## II.  **Legal Standard**

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. FED. R. CIV P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must

2

demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case... Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery if the discovery sought is unreasonably cumulative, duplicative, or readily obtainable from some other source, the party seeking discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C).

### III. Discussion

As stated, Sartoris filed three motions (Docs. 70, 75, 83) to compel discovery. The Court will address each motion below.

3

### A. First and Second Motions to Compel

In the first and second motions, Sartoris takes issue with Defendants' responses to interrogatories and requests for production of documents. (Docs. 70, 75). Specifically, Sartoris seeks to schedule an on-site inspection of the MCCF "to determine certain aspects of those conditions." (*Id.* at p. 1). The Court finds that allowing an inmate, such as Sartoris, to inspect various, unidentified areas of the MCCF poses a great security risk that outweighs any potential relevance to the case. Thus, Sartoris' motion to compel an inspection of the MCCF will be denied.

Sartoris also seeks records of incidents in other inmates' files "for the comparison of factual records." (Doc. 75, p. 2). This is precisely the kind of sweeping, generalized, and overly broad discovery request that is consistently rejected as being not only overly broad, but unduly infringing upon the privacy interests of other inmates who may have sought to grieve their issues. The Court finds that Sartoris' request for discovery of other inmates' files is overly broad since it seeks discovery of complaints of any nature filed by unidentified, non-party inmates. This discovery request is plainly burdensome and overly broad and implicates important privacy interests. Accordingly, the motion to compel production of other inmates' files will be denied.

### B. Third Motion to Compel

In the third motion, Sartoris seeks to compel Defendants to produce the following: (1) water testing analysis of treated and untreated water for the past 3 years; (2) testing and

4

outcome of the analysis of caulking on the windows; (3) mold remediation procedures; (4) procedures for treatment of long-term exposure to mold, and all files, emails, and records created at any time relating to asbestos, mold, water contamination issues, and PCB's (polychlorinated biphenyls). (Doc. 83, pp. 1-2). Defendants object to these discovery requests as burdensome and irrelevant and they argue that Sartoris has not produced any records to suggest that he suffered from any conditions caused by these issues. (Doc. 98, pp. 4-5). The Court overrules these objections in part. Sartoris' complaint is primarily centered on the health hazards of mold and water. Therefore, Sartoris' motion to compel further responses to the requested information related to mold remediation and water testing is granted in part, unless such production would jeopardize the safety and security of the MCCF.

Sartoris' request for further information related to caulking on the windows will be denied. While Sartoris' complaint tangentially alleges general disrepair and neglect of the MCCF, the allegations behind his complaint primarily center on the health hazards of mold and water. The Court, therefore, finds that this request is overly broad and irrelevant. Similarly, the Court finds that Sartoris' request for "all files, emails and records created at any time" is unbounded by time and is overly broad and burdensome. These requests will be denied.

## IV. Conclusion

Consistent with the foregoing, the Court will deny the first and second motions (Docs. 70, 75) to compel. The third motion (Doc. 83) to compel will be granted in part and denied in part, as outlined above. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October 18, 2024